# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| Anita Varner | Case No. |
| Plaintiff, | |
| v. | **COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, THE TELEPHONE CONSUMER PROTECTION ACT AND OTHER EQUITABLE RELIEF** |
| Portfolio Recovery Associates, LLC | |
| Defendant. | |
| | **JURY DEMAND ENDORSED HEREIN** |

## PARTIES

1. Plaintiff, Anita Varner, ("Anita"), is a natural person who resided in Eagle Point, Oregon, at all times relevant to this action.

2. Defendant, Portfolio Recovery Associates, LLC, ("PRA"), is a Delaware Limited Liability Company that maintained its principal place of business in Norfolk, Virginia, at all times relevant to this action.

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq.

4. Pursuant to 28 U.S.C. §1367(a), this Court has supplemental jurisdiction over Plaintiff's TCPA claims because they share a common nucleus of operative fact with Plaintiff's claims under the FDCPA.

5. Pursuant to 28 U.S.C. §1391(b), venue is proper because Defendant maintains an office in Rosemont, Illinois, and collects debts throughout the Northern District of Illinois.

**STATEMENT OF FACTS**

6. At all times relevant to this action, PRA collected consumer debts.

7. Before PRA began contacting Anita, it and Anita had no prior business relationship and Anita had never provided express consent to PRA to be contacted on her cellular telephone.

8. PRA regularly uses instrumentalities of interstate commerce and the mails to collect consumer debts owed or due or asserted to be owed or due another.

9. The principal source of PRA's revenue is debt collection.

10. PRA is a "debt collector" as defined by 15 U.S.C. §1692a(6).

11. As described, *infra*, PRA contacted Anita to collect a debt that was incurred primarily for personal, family, or household purposes.

12. This alleged obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

13. Anita is a "consumer" as defined by 15 U.S.C. §1692a(3).

14. On several occasions, the dates of which will be discovered through discovery, PRA willingly and knowingly used an automatic telephone dialing system to call Anita on her cellular phone multiple times in violation of the TCPA.

15. Around March or April 2013, PRA began contacting Anita on her cellular telephone in connection with the collection of a debt.

16. During the initial communication, Anita informed PRA she had no money and could not make payments.

17. During the initial communication, Anita requested PRA cease further calls to Anita.

18. Despite this request, PRA continued to call Anita on her cellular telephone in connection with the collection of a debt on at least ten occasions.

19. During each of these communications, Anita again requested PRA cease further calls to

Anita.

20. PRA caused Anita severe emotional distress.

21. PRA attempted to collect a debt from Anita.

22. PRA violated the FDCPA.

23. PRA violated the TCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

24. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

25. Defendant violated 15 U.S.C. §1692c(a)(1) by calling Plaintiff at a time or place known to be

inconvenient for Plaintiff.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

26. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

27. Defendant violated 15 U.S.C. §1692d by engaging in conduct the natural consequence of

which is to harass, oppress, or abuse Plaintiff in connection with the collection of the debt.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

28. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

29. Defendant violated 15 U.S.C. §1692f by using unfair or unconscionable means to collect the

debt.

## COUNT FOUR

### Violations of the Telephone Consumer Protection Act

30. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

31. Defendant willingly and knowingly violated 47 U.S.C. § 227(b)(1)(A) on multiple and separate occasions by each time calling Plaintiff's cellular telephone using both an automatic telephone dialing system without Plaintiff's prior express consent.

### JURY DEMAND

32. Plaintiff demands a trial by jury.

### PRAYER FOR RELIEF

33. Plaintiff prays for the following relief:

   a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

   b. An order enjoining Defendant from placing further telephone calls to Plaintiff's cellular telephone number pursuant to 47 U.S.C. § 227(b)(3).

   c. Judgment against Defendant for statutory damages pursuant to 47 U.S.C. § 227(b)(3) for each and every call Defendant made in violation of the TCPA.

   d. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Hyslip & Taylor, LLC LPA


By: /s/ Jeffrey S. Hyslip
One of Plaintiff's Attorneys


Date: November 12, 2013

Jeffrey S. Hyslip, Esq.
917 W. 18th St., Suite 200
Chicago, IL 60608
312-380-6110
jeffrey@lifetimedebtsolutions.com